**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING**

**MITCHELL PERKINS,**

   **Petitioner,**

**v.**              **Civil Action No. 5:19cv146**
                  **(Judge Stamp)**

**F. ENTZEL, Warden,**

   **Respondent.**

## REPORT AND RECOMMENDATION

### I. Introduction

On April 10, 2019, Petitioner, Mitchell Perkins, an inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges Petitioner's conviction in the Northern District of Ohio. The matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. Factual and Procedural History[1]

 **A. Conviction and Sentence**

---

[1] The facts are taken from Petitioner's Criminal Case No. 1:13cr245 in the United States District Court for the Norther District of Ohio available on PACER. Unless otherwise noted, the ECF entries in this section referred to the criminal case. Philips v. Pitt Cnty. Mem Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 Fed second 1236, 1239 (4th Cir. 1989) ( "We note that the most frequent use of judicial notice is in noticing the contents of court records.'").

On May 8, 2013, a two-count indictment [ECF No. 14] was returned against Petitioner. Count One charged that:

> On May 29, 2012….[Petitioner] by force and violence and by intimidation, did take from the person and presence of a teller at the U.S. Bank, 5154 Wilson Mills Road, Richmond Heights, Ohio, and others, approximately $39,290.00, belonging to and in the care, custody, control, management and possession of said bank, the deposits of which were then insured by the Federal Deposit Insurance Corporation and in committing such offense, [Petitioner] and another co-conspirator unknown to the grand jury, did put in jeopardy the lives of bank employees and others by the use of a firearm, to wit: a Jennings .22 Long Rifle caliber semi-automatic pistol, model J-22, serial number 576731, in violation of Title 18, Sections 2113(a) and (d) and 2, United States Code.

Count Two charged that:

> On May 29, 2011, in the Northern District of Ohio, Eastern Division, [Petitioner], aided and abetted by another co-conspirator unknown to the grand jury, did knowingly use, carry, and brandish a firearm, to wit: a Jennings .22 Long Rifle caliber semi-automatic pistol, model J-22, serial number 576731, during and in relation to a crime of violence for which [Petitioner] may be prosecuted in a court of the United States, that is Armed Bank Robbery, in violation of Title 18, Sections 213(a) and (d), United States Code, as charged in Count 1 of the Indictment, in violation of Title 18, Section 924(c)(1)(A) and 2, United States Code, and punishable under Title 18, Section 924(c)(1)(A) and 2, United States Code, and punishable under Title 18, Section 924(c)(1)(A)(ii), United States Code.

On August 21, Petitioner withdrew his plea of not guilty and entered a plea of guilty to the indictment. ECF Nos. 28, 29. A Presentence Investigation Report was prepared on June 18, 2013, revised on October 11, 2013, and revised again on December 4, 2013. ECF No. 33. Petitioner's Total Offense Level was 20, and the total of his criminal history points was 7. According to the Sentencing Table in U.S.S.G. Chapter 5, Part S, 7 criminal history points corresponded to Criminal History Category IV. For Count One, the statutory provision, 18 U.S.C. § 2113(a) & (d) and 2, provided for a maximum term of imprisonment of 25 years. For Count Two, pursuant to 18 U.S.C.

§ 924(c)(1)(A)(ii), the minimum term of imprisonment was seven years and the maximum term was life, to run consecutively to the underlying offense. Pursuant to the guidelines, based on a Total Offense Level of 20 and Criminal History Category IV, the guideline range of imprisonment was 51 to 63 months. However, the conviction for Count 2 was required to run consecutively to Count, and as such, his guideline range was 135 to 147 months.  On December 13, 2013, Petitioner was sentenced  to 58 months on Count One and 84 months on Count Two to run consecutive. ECF No. 26. According to the BOP Inmate locator, Petitioners projected release date in July 23, 2023.

### B. Motion to Vacate

Although Petitioner did not file a direct appeal, on June 17, 2016, he filed a Motion to Vacate pursuant to 28 U.S.C. § 2255. ECF No. 37. Petitioner argued that he was entitled to re-sentencing because his conviction under 18 U.S.C. § 924(c)(a)(A) for Using a Firearm During a Crime of Violence (Count Two) was rendered unconstitutional by the decision in Johnson v. United States, 135 S.Ct. 2552 (2015), which found that the residual clause, assessing a penalty for "conduct that presents a serious potential risk of physical injury to another" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B) was unconstitutionally vague. On March 23, 2017, the motion was denied. ECF No. 41. In rendering his decision, the district judge noted that under the modified categorical approach outlined in United States v. McBride, 2016 WL 3209496 (6th Cir. June 10, 2016), Petitioner's conviction met the definition of a crime of violence under subsection (A), and the residual clause of Subsection (b) need not be applied. Accordingly, because Johnson affected only the application of the residual clause in the

3

ACCA, it had no arguable effect on the validity of Petitioner's conviction. Petitioner did not appeal.

Thereafter, on September 4, 2018, Petitioner filed a motion with the Sixth Circuit Court of Appeals seeking an order pursuant to 28 U.S.C. § 2244 authorizing the district court to consider a second or successive motion under 28 U.S.C. § 2255 in light of the decision in Sessions v. Dimaya, 138 S.Ct. 1204 (2018) that § 924(c)(3)(B) is unconstitutionally vague. On January 11, 2019, Petitioner's motion was denied after the Court of Appeals specifically concluded that his § 924(c) conviction was unaffected because armed bank robbery qualifies as a "crime of violence" under the "use of force" clause of § 924(c)(3)(A) and not the residual clause of § 924(c)(3)(B). ECF No. 42

### C. Instant § 2241 Petition

Petitioner alleges that he is actually innocent of the § 924(c) conviction and relies on the decision issued in United States v. Simms, 914 F.3d 229 (4th Cir. 2019) and references as well United States v. Davis, 139 S.Ct. 219 (2019) For relief, Petitioner seeks an order vacating his 924(c) conviction.

## III. Standards of Review

### A. Reviews of Petitions for Relief

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court.  This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see

also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

### B. Pro Se Litigants

As a pro se litigant, Petitioner's pleadings are accorded liberal construction and held to "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). However, even under this less stringent standard, the petition in this case is subject to summary dismissal. The requirements of liberal construction do not mean that the Court can ignore a clear failure to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Social Servs., 901 F.2d 387 (4th Cir. 1990). As discussed more fully below, Petitioner is not entitled to relief under 28 U.S.C. 2241, and this matter is due to be dismissed.

### C. Post-Conviction Remedies and Relief

Despite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his conviction and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. The law is well settled that § 2255 is the exclusive remedy for challenging the validity of a federal judgment and sentence. See In re Vial, 115 F.3d 1192, 1193 (4th Cir. 1997). A petition for a writ of habeas corpus under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255

However, § 2255(e) provides a "savings clause" exception which serves as a means for petitioners to apply for a traditional writ of habeas pursuant to § 2241. It states:

> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(3) (emphasis added). The savings clause will occasionally allow a § 2241 petition to take the place of a § 2255 motion, but not "merely … because an individual is procedurally barred from filing a Section 2255 motion," Vial, 115 F.3d at 1194 n.5, nor simply because relief is unavailable due to the gatekeeping provisions of § 2255. Young v. Conley, 128 Fed Supp.2d 354, 357 (S.D.W. Va. 2001). Instead, to trigger the savings clause in the context of a challenge to the validity of a conviction, the Petitioner's claim must contain all three of the following characteristics: (1) at the time of his conviction, the settled law of this circuit or the Supreme Court established the legality of his conviction; (2) subsequent to his direct appeal and first 2255 motion, the substantive law changed such that the conduct of which he was convicted is now deemed not to be criminal; and (3) he cannot satisfy the gatekeeping provisions of 2255 because the new rule is not one of constitutional law. In re Jones, 226 F.3d at 328, 333-34 (4th Cir. 2000).

## IV. Analysis

Although Petitioner alleges that he satisfies the savings clause, he is mistaken because he misconstrues the import of Davis and Simms on his conviction under 924(c). § 924(c) criminalizes carrying or using a firearm in furtherance of a crime of

violence. 18 U.S.C. § 924(c)(1)(A). Under § 924(c), a crime of violence is defined as "an offense that is a felony" and

> (A) has an element the use, attempted use, or threatened use of physical force against the person or property of another, or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

Id. § 924(c)(3)(A)-(B). § 924(c)(3)(A) is often referred to as the "elements clause" and § 924(c)(3)(B) as the "residual clause."

Under Davis, in which the defendants were charged with multiple counts of Hobbs Act robbery and one count of conspiracy to commit Hobbs Act robbery, the Supreme Court announced a newly recognized right by finding § 924(c)'s **residual** clause to be unconstitutionally vague. 139 S.Ct. at 2336. Likewise, in Sims, the Fourth Circuit held that a crime of violence" as defined in § 924(c)(3)(B) ("the residual clause") is unconstitutionally vague. 914 F.3d at 23-37. Sims involved a Hobbs Act conspiracy.

Considering Davis,[2] Petitioner's conviction under § 924(c) is valid only if his underlying conviction for bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) and 2 qualifies under the elements clause of § 924(c)(3)(A). See 139 S.Ct. at 2336. Clearly it does. Under Sixth Circuit precedent, armed bank robbery convictions constitute crimes of violence pursuant to the elements clause. See United States v. Henry, 722 Fed. App'x 496, 500 (6th Cir. 2018) (explaining that because a necessary element of bank

---

[2] Although Petitioner cites, Sims, and relies predominantly on it in arguing that his § 924(c) conviction is invalid, it affords him no more relief than Davis. Furthermore, even if Sims called into question Petitioner's conviction, he was convicted in the Sixth Circuit and therefore cannot benefit from a change in substantive law of the Fourth Circuit. In Hahn v. Moseley, the Fourth Circuit held that when evaluating substantive claims under the savings clause, the Court must "look to the substantive law of the circuit where the defendant was convicted." Hahn v. Moseley, 931 F.3d 295, 301 (4th Cir. July 24, 2019), citing In re Davenport, 147 F.3d 605, 611-12 (7th Cir. 1998); Eames v. Jones, 793 F. Supp.2d 747, 750 (E.D.N.C. 2011).

7

robbery is the use of force, violence, or intimidation, it constitutes a crime of violence under § 923(c)(3)(A)'s elements or use-of force clause); United States v. McBride, 826 F.3d 293, 295-96 (6th Cir. 2016) (finding that bank robbery constitutes a crime of violence under the identical use-of-force clause in U.S.S.G. § 4B1.2(a)(1), *cert denied*, 137 S.Ct. 830 (2017).

Finally, neither the Supreme Court nor the Fourth Circuit has determined whether Davis has retroactive effect. However, the Fifth, Tenth, and Eleventh Circuits have all determined that Davis established a new substantive rule that should be applied retroactively. See United States v. Reece, 2019 WL 4252238, at *4 (5th Cir. Sept. 9, 2019); United States v. Bowen, 2019 WL 4146452, at 4 (10th Cir. Sept. 3, 2019); In re Hammond, 931 F.3d 1032, 1039 (11th Cir. 2019). The undersigned agrees with the reasoning of these courts and concludes that Davis applies retroactively. Therefore, even if this court were to determine that Petitioner meets the first two elements of the In re Jones test, he cannot satisfy the third element because the decision in Davis is a new rule of constitutional law. Therefore, Petitioner would be foreclosed from bringing a § 2241 habeas petition in this court to challenge his conviction. Petitioner's remedy, if any, would be to seek permission to file a § 2255 motion in the court in which he was convicted by filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Sixth Circuit.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DENIED** and **DISMISSED without prejudice** because Petitioner is unable to meet the § 2255 savings clause, and therefore, this court lacks jurisdiction.

Petitioner shall have **fourteen (14) days** from the date of service this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** 28 U.S.C. §636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet and to counsel of record via electronic means.

DATED:  January 10, 2020

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE