IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**MITCHELL PERKINS,**

    Petitioner,

v.                                                  **Criminal Action No. 5:19-CV-146**
                                                              **(BAILEY)**

**F. ENTZEL,** Warden,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 11]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on January 10, 2020, wherein he recommends the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 [Doc. 1] be denied and dismissed without prejudice. For the reasons that follow, this Court will adopt the R&R.

## I. BACKGROUND

The petitioner is a federal inmate incarcerated at FCI Hazelton in Bruceton Mills, West Virginia. Petitioner, acting *pro se*, initiated this habeas corpus proceeding on April 10, 2019, pursuant to 28 U.S.C. § 2241. On December 13, 2013, petitioner was sentenced to fifty-eight months' imprisonment for one count of armed bank robbery in violation of 18 U.S.C. § 2113(a) and (d) and eighty-four months' imprisonment for one count of using/brandishing a firearm during the commission of a felony offense in violation of 18

1

U.S.C. § 924(c)(1)(A)(ii).[1] According to the BOP website, petitioner is scheduled to be released on April 22, 2023.

In his memorandum of law in support of his petition, Perkins argues that he is actually innocent of his conviction under § 924(c) because his conviction for bank robbery fell under the residual clause, rather than the elements clause, of § 924(c). [Doc. 1-1]. Specifically, petitioner relies on **United States v. Simms**, 914 F.3d 229 (4th Cir. 2019), and **United States v. Davis**, 139 S.Ct. 2319 (2019), to argue that the residual clause has been found to be unconstitutionally vague and that his bank robbery conviction does not qualify under the elements clause. [Id. at 3-4]. On January 10, 2020, Magistrate Judge Mazzone filed his R&R in which he recommended the petition be denied and dismissed without prejudice for reasons discussed below.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. ***Thomas v. Arn***, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." ***Orpiano v. Johnson***, 687 F.2d 44, 47 (4th Cir. 1982).

---

[1] Taken from Perkins's criminal docket from the Northern District of Ohio, available on PACER. *See **United States v. Perkins***, 1:13-cr-00245-DCN, Doc. 36.

2

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); ***Snyder v. Ridenour***, 889 F.2d 1363, 1366 (4th Cir. 1989); ***United States v. Schronce***, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. ***Haines v. Kerner***, 404 U.S. 519, 520 (1972); ***Gordon v. Leeke***, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. The petitioner timely filed his Objections to the R&R [Doc. 13] on January 27, 2020. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Generally, 28 U.S.C. § 2255 provides the exclusive means for a prisoner in federal custody to test the legality of his detention. However, § 2255(e) contains a savings clause, which allows a district court to consider a habeas petition brought by a federal prisoner under § 2241 where § 2255 is "inadequate or ineffective to test the legality" of the detention. 28 U.S.C. § 2255; *see also* ***United States v. Poole***, 531 F.3d 263, 270 (4th Cir. 2008). The fact that relief under § 2255 is procedurally barred does not render the remedy inadequate or ineffective to test the legality of a prisoner's detention. ***In re Jones***, 226 F.3d 328, 332 (4th Cir. 2000). In the Fourth Circuit, a § 2255 petition is only inadequate

3

or ineffective to test the legality of detention when:

> (1) [A]t the time of conviction, settled law in this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provision of § 2255 because the new rule is not one of constitutional law.

*Poole*, 531 F.3d at 269 (quoting *In re Jones*, 226 F.3d at 333–34).

Here, the magistrate judge found that "[d]espite the title he affixes to his petition, Petitioner unequivocally challenges the validity of his conviction and, as such, his filing is not a habeas petition under 28 U.S.C. § 2241; but rather, it is a Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255." [Doc. 11 at 5]. The R&R recommends dismissal for two reasons. First, even under *Davis*, petitioner's conviction under 18 U.S.C. § 924(c) is still valid because petitioner's underlying bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d) is still a crime of violence pursuant to the elements clause of § 924(c). [Id. at 7], citing *United States v. Henry*, 722 Fed. App'x 496, 500 (6th Cir. 2018). Second, although the Magistrate Judge found that *Davis* applies retroactively, as a new rule of constitutional law, petitioner's appropriate remedy "would be to seek permission to file a § 2255 motion in the court in which he was convicted by filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Sixth Circuit." [Id. at 8]. Further, although the petitioner relies on *Sims*, petitioner was convicted in the Sixth Circuit, and therefore cannot benefit from a change in substantive law in the Fourth Circuit. [Id. at 7], citing *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. July 24, 2019).

On January 27, 2020, petitioner filed objections to the R&R. [Doc. 13] There,

4

petitioner argues that the magistrate judge erred in determining that petitioner's underlying bank robbery conviction qualifies as a crime of violence. [Id at 1]. Petitioner relies on *United States v. Bowen*, 936 F.3d 1091 (10th Cir. Sept. 3, 2019), which held that witness retaliation under 18 U.S.C. § 1513(b)(2) does not satisfy § 924(c)(3)'s elements clause. [Doc. 13 at 1-2]. Petitioner argues that this reasoning applies to the statute under which he was convicted, 18 U.S.C. §§ 2113(a) and (d) because "that statute too involves the robbery of 'person or property' leaving it in the status as the statutes in *Bowen*." [Id. at 2].

This Court is unpersuaded by petitioner's objection. First, it is unclear why *Bowen* should be applied to 18 U.S.C. §§ 2113(a); as the R&R notes, the Sixth Circuit has already held that 18 U.S.C. § 2113(a) satisfies the elements clause of § 924(c)(3)(A). *United States v. Henry*, 722 F. App'x 500 (6th Cir. 2018). Second, even if the Magistrate Judge incorrectly concluded that petitioner's bank robbery conviction satisfies the elements clause, the proper remedy for petitioner to pursue is filing a motion for leave to file a successive § 2255 motion in the United States Court of Appeals for the Sixth Circuit. Accordingly, the petitioner's objections are overruled.

## IV. CONCLUSION

Upon careful review of the above, it is the opinion of this Court that the **Report and Recommendation [Doc. 11]** should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Accordingly, the petitioner's objections **[Doc. 13]** are **OVERRULED**. This Court **ORDERS** that the § 2241 petition **[Doc. 1]** be **DENIED** and **DISMISSED WITHOUT PREJUDICE**. This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case

from the active docket of this Court.

As a final matter, upon an independent review of the record, this Court hereby **DENIES** a certificate of appealability, finding that the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED**: February 3, 2020.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE